UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL W. TRUBIANO,

    Plaintiff,

vs                                              Case No: 09-11968
                                              Honorable Victoria A. Roberts

FEDERAL NATIONAL MORTGAGE &
CHASE HOME FINANCE, LLC,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

### I.    BACKGROUND AND PROCEDURAL HISTORY

On March 9, 2006, Plaintiff Carl W. Trubiano obtained a $276,000.00 loan from John Adams Mortgage Company to purchase 6159 Ridge Hollow Lane in Davisburg, Michigan ("the Property"). As security for the indebtedness, Trubiano granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage on the Property.

On April 23, 2008, MERS assigned the mortgage to Chase Home Finance LLC. Trubiano defaulted on the mortgage, and Chase executed a Sheriff's sale on May 27, 2008. Trubiano had until November 27, 2008 to redeem the property for $283,916.97 plus interest at $46.47 per diem from the date of the sale to the date of redemption.

On November 12, 2008, Trubiano quit claimed the Property to Joyce Joseph without Chase's knowledge.

On November 18, 2008, Chase sent Trubiano a Conditional Approval of Sales Contract:

1

> This letter will confirm Chase Home Finance LLC's (Chase) approval of the sales contract pertaining to [the Property] for $180,000.00 between [Chase and Trubiano]. *Please be advised this is not the final approval for the referenced sale.*

(Emphasis added).

After learning of the quit claim to Ms. Joseph, Chase says it revoked its conditional approval of the short sale.

On May 6, 2009, Trubiano filed a First Amended Verified Complaint in the Oakland County Circuit Court for breach of contract and misrepresentation. Trubiano alleges that Chase breached the purchase agreement that allowed him to purchase the property for $180,000.00, and misrepresented the content of the purchase agreement.

The case was removed to this Court on May 22, 2009.

Before the Court is Defendants' Motion to Dismiss and for Summary Judgment. (Doc. #15). Defendants ask the Court to dismiss Trubiano's First Amended Verified Complaint in its entirety.

Trubiano did not respond.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses."

2

*Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## III. APPLICABLE LAW AND ANALYSIS

### A. Breach of Contract

Under MCLA §566.132(2):

An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Trubiano does not allege that Chase's final approval of its promise to sell him the Property for a reduced rate was in writing. Trubiano's breach of contract claim fails.

**B.     Misrepresentation**

Because Trubiano does not specify whether he is asserting a claim for fraudulent or negligent misrepresentation, the Court address both.

**1.     Fraudulent Misrepresentation**

Fed. R. Civ. P. 9(b) says:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The Sixth Circuit holds that Rule 9(b) must be read liberally. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993). However, at a minimum, the plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 161-62 (citations omitted). "[A]llegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* at 162 (citation omitted).

A pleading that fails to comply with the requirements of Rule 9(b) fails to state a claim under Rule 12(b)(6). *Michigan ex rel. Kelley v. McDonald Dairy Co.*, 905 F.Supp. 447, 450 (W.D. Mich.1995). However, in the absence of Defendants' motion for a more definite statement, dismissal for failure to satisfy Rule 9(b) is not appropriate. *See Coffey*, 2 F.3d at 162 (citing *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) (in meeting [the] Rule 9(b) particularity requirement, "federal courts must be liberal in allowing parties to amend their complaints.")).

To succeed on his fraudulent misrepresentation claim, Trubiano must show:

(1) Defendants made a material representation;

(2) the representation was false;

(3) Defendants knew the representation was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;

(4) Defendants made the representation with the intention that Trubiano would act on it;

(5) Trubiano acted in reliance on it; and

(6) Trubiano suffered injury.

See *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121 (1919)).

Trubiano's First Amended Verified Complaint does not satisfy the requirements of Rule 9(b), nor does he specify what misrepresentation the Defendants allegedly made. Trubiano's First Amended Verified Complaint contains bare assertions of legal conclusions that are insufficient to survive a Rule 12(b)(6) motion. *See In re DeLorean Motor Co.*, 991 F.2d at 1240.

Finally, Trubiano did not seek permission to amend his First Amended Verified Complaint.

### 2. Negligent Misrepresentation

To establish negligent misrepresentation, Trubiano must show he "justifiably relied to his detriment on information prepared without reasonable care by one who owed [him] a duty of care." *Law Offices of Lawrence J. Stockler v. Rose*, 174 Mich.App. 14, 30 (1989) (citing *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200 (1988)). "[F]or a duty to arise[,] there must exist a sufficient relationship between the

5

plaintiff and the defendant." *Schultz v. Consumers Power Co.*, 443 Mich. 445, 450 (1993). Defendants must have an obligation to act for Trubiano's benefit. *See New Dimension Dev., Inc. v. Orchard, Hiltz & McCliment, Inc.*, 2005 WL 2806234 at *4 (Mich.App. Oct. 27, 2005) ("[D]uty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff") (quoting Prosser & Keeton, Torts (5th ed), § 53, p.356).

Trubiano's negligent misrepresentation claim fails; he does not allege that Defendants had a duty to act for his benefit.

## IV. CONCLUSION

Defendants' motion is **GRANTED**; Trubiano's First Amended Verified Complaint is **DISMISSED**.

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: April 9, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 9, 2010.
>
> s/Linda Vertriest
> Deputy Clerk